IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC
2006 DEC 20  A 10: 38

| | |
|---|---|
| Frederick Green, #235663, | C. A. No. 2:04-22074-CMC-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Jon Ozmint, Director of SCDC; George Hagan, Warden of Allendale Correctional Institution; Laverne Cohen, Associate Warden of Special Ann Hallman, Institutional Grievance Coordinator (IGC) at Allendale Correctional Institution; Samuel Kearse, Lieutenant and SMU Supervisor at Allendale Correctional Institution; and Other Unknown Agency Officials, | |
| Defendants. | |

On September 8, 2004, the pro se plaintiff brought this civil rights action pursuant to 42 U.S.C. § 1983 along with a motion for a temporary restraining order. On December 28, 2004, the undersigned filed a report and recommendation denying plaintiff's motion for preliminary relief. Thereafter, the Honorable Cameron M. Currie, United States District Judge, entered an Order adopting the Report and Recommendation. On April 18, 2005, the plaintiff filed a Notice of Appeal of the Order on motion for temporary restraining order.

On July 15, 2005, the defendants filed a motion for summary judgment. By order of this court filed July 20, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the

plaintiff was advised of dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. The plaintiff failed to respond.

As the plaintiff is proceeding pro se, the court filed a second order on August 30, 2005, giving the plaintiff an additional ten (10) days in which to file his response to the defendants' motion for summary judgment. The plaintiff was specifically advised that if he failed to respond, this action may be dismissed with prejudice for failure to prosecute, Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), 41(b) Federal Rules of Civil Procedure. The plaintiff filed his responses to the summary judgment motion on August 31, 2005 and September 16, 2005.

On November 29, 2005, the Fourth Circuit Court of Appeals issued an Opinion denying plaintiff's motion to expedite the appeal, and dismissing the appeal for lack of jurisdiction. On December 16, 2005, the plaintiff filed a petition for rehearing. On March 24, 2006, the plaintiff's motion for rehearing was granted and was denied en banc. On rehearing, the Fourth Circuit Court of Appeals filed an Opinion on September 15, 2006, affirming in part and dismissing in part.

On September 26, 2006, a status conference was held at which the defendants' attorney was allowed to supplement the summary judgment motion.

On October 2, 2006, the defendants filed a motion to dismiss for lack of jurisdiction or alternatively, supplemental motion for summary judgment. By order of this court filed October 4, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. The plaintiff has failed to respond to the motion.

Since the plaintiff is proceeding pro se, the court filed a second order on August 24, 2006, giving the plaintiff an additional ten (10) days in which to file his response to the defendants' motion to dismiss or alternatively, supplemental motion for summary judgment. The plaintiff was specifically advised that if he failed to respond, this action may be dismissed with prejudice for failure to prosecute, Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), 41(b) Federal Rules of Civil Procedure. The plaintiff did not respond.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution.

                                        Respectfully Submitted,

                                        */s/ Robert S. Carr*
                                        Robert S. Carr
                                        United States Magistrate Judge

Charleston, South Carolina
December 20, 2006

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

4