# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Frederick Green, # 235663,** | C/A No. 2:04-22074-CMC-RSC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **Jon Ozmint, Director of SCDC; Geroge Hagan, Warden of Allendale Correctional Institution; Laverne Cohen Associate Warden of Special Management Unit (SMU); Ann Hallman, Institutional Grievance Coordinator (IGC) at Allendale Correctional Institution; Samuel Kearse, Lieutenant and SMU Supervisor at Allendale Correctional Institution; and Other Unknown Agency Officials,** | |
| Defendants. | |

Plaintiff, proceeding *pro se*, filed this action on September 8, 2004, pursuant to 42 U.S.C. § 1983 along with a motion for a temporary restraining order. The motion for a restraining order was denied by this court and Plaintiff appealed to the Fourth Circuit Court of Appeals on April 18, 2005. On July 15, 2005, Defendants filed a motion for summary judgment. The court issued a *Roseboro* order advising Plaintiff of the summary judgment procedures and the possible consequences if Plaintiff failed to respond adequately. Because Plaintiff is *pro se*, the court filed a second order on August 30, 2005, allowing Plaintiff ten additional days to respond, but he did not file a response. The Fourth Circuit Court of Appeals issued an Opinion denying Plaintiff's motion to expedite the appeal, and dismissing the appeal for lack of jurisdiction. Plaintiff filed a petition for rehearing which was granted and was denied en banc. On rehearing, the Fourth Circuit Court of Appeals filed an Opinion affirming in part and dismissing in part. A status conference was held by United States Magistrate Judge Robert S. Carr at which time Defendants' attorney was allowed to supplement the

summary judgment motion. Defendants filed a motion to dismiss on October 2, 2006, for lack of jurisdiction or, alternatively, supplemental motion for summary judgment. The Magistrate Judge issued a *Roseboro* order advising Plaintiff of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff did not file a response. The Magistrate Judge issued another order on November 17, 2006, granting Plaintiff an additional ten days in which to file his response to this supplemental motion. Despite the warning that the action would be dismissed if he failed to respond, Plaintiff did not file a response. In accordance with this court's order of reference, 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), this matter comes before the court with the Report and Recommendation of United States Magistrate Judge Robert S. Carr.

The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting Fed. R. Civ. P. 72 advisory committee's note).

Based on his review of the record, the Magistrate Judge has recommended that the action be *dismissed with prejudice for lack of prosecution*. The Magistrate Judge advised Plaintiff of his right to file objections to the Report and the possible consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired.

After reviewing the Complaint, the motions, the complete record, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference. Therefore, it is

**ORDERED** that this action is ***dismissed with prejudice pursuant to Federal Rules of Civil Procedure 41(b) for lack of prosecution.***

**IT IS SO ORDERED**.

                                              s/ Cameron McGowan Currie
                                              CAMERON MCGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 29, 2007

C:\Documents and Settings\Guest\Local Settings\Temp\notesE1EF34\04-22074 Green v. Ozmint, et al. - dism for failure to prosecute - dmb.wpd

3